IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE A. HALPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 7145 |
| | ) | |
| ALBERTSON'S, INC., a Delaware | ) | |
| Corporation, and | ) | Judge Charles P. Kocoras |
| JEWEL FOOD STORES, INC., | ) | |
| a New York Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

To: Henry W. Sledz, Jr.
Jennifer M. Cerven
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL 60606

PLEASE TAKE NOTICE that on Thursday, September 5, 2002, at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Charles P. Kocoras, in Courtroom Number 2541 at the United States Courthouse, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the Motion to Withdraw Appearance as Attorney for Plaintiff, a copy of which is attached and hereby served upon you.

*Lori D. Ecker*
Lori D. Ecker

Law Office of Lori D. Ecker, PC
180 North LaSalle Street
Suite 2300
Chicago, Illinois 60601
312/855-1880

Attorney for Plaintiff

Dated: August 30, 2002

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE A. HALPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01 C 7145 |
| | ) |
| ALBERTSON'S, INC., a Delaware | ) |
| Corporation, and | ) Judge Charles P. Kocoras |
| JEWEL FOOD STORES, INC., | ) |
| a New York Corporation, | ) |
| | ) |
| Defendants. | ) |

FILED AUG 30 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKETED SEP 06 2002

## MOTION TO WITHDRAW APPEARANCE AS ATTORNEY FOR PLAINTIFF

Counsel for Plaintiff, Julie A. Halper, Lori D. Ecker, hereby moves this Honorable Court to withdraw her appearance on behalf of Plaintiff. In support of this motion, counsel states as follows:

1. This is an action for disability discrimination brought pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., as amended. Plaintiff's disabilities are sleep apnea and depression. Plaintiff was first diagnosed with depression in the late 1980s, and currently is under medication.

2. On December 21, 2000, Plaintiff's counsel drafted and filed a Charge of Discrimination on Plaintiff's behalf with the U.S. Equal Employment Opportunity Commission ("EEOC"). On or about March 20, 2001, the EEOC issued a Determination in favor of Plaintiff.

3. After the EEOC's conciliation efforts failed and a right to sue letter was issued, Plaintiff's counsel drafted and timely filed a Complaint on Plaintiff's behalf on September 14, 2001. Since that time, Plaintiff's counsel prepared and served interrogatories and request to

produce; reviewed, indexed and organized the nearly 1,500 pages of documents produced by Defendants; took five depositions over the course of ten days; represented Plaintiff at her deposition and attended the deposition of Plaintiff's treating physician; diligently pursued outstanding document requests; prepared and served a second request to produce and a request to admit.

4. Despite counsel's aggressive litigation of this case since entry into this matter, significant differences have developed between counsel and Plaintiff as to litigation strategies and goals of the litigation.

5. The parties met for a settlement conference with this Court on August 6 but were unsuccessful in their attempts to resolve this matter. Plaintiff has refused to remit payment for court reporters' fees in excess of $2,600. Defendants have indicated that they will be filing a motion for summary judgment, and the filing date set by this Court is September 6, 2002. Plaintiff's response is due on October 8. As a solo practitioner, Plaintiff's counsel cannot afford to pay for Plaintiff's court reporter bills nor proceed to represent Plaintiff on a pro bono basis.

6. Rule 1.16(b)(1)(D) of the Rules of Professional Conduct of the U.S. District Court for the Northern District of Illinois provides, in pertinent part, that withdrawal is appropriate where the party "by other conduct renders it unreasonably difficult for the lawyer to carry out the employment effectively."

7. Significant disagreements have arisen between Plaintiff and counsel which have and would continue to render representation of Plaintiff to be unreasonably difficult. Without revealing any privileged communications between counsel and Plaintiff, their disagreements have centered around such fundamental issues as Plaintiff's general unwillingness to accept and

2

proceed according to counsel's advice and direction. Plaintiff has repeatedly exhibited a reluctance to accept legal advice that represents the best judgment of counsel and has frequently expressed her dissatisfaction with recommendations of counsel.

8. Counsel has and will continue to take reasonable steps to avoid foreseeable prejudice to the rights of Plaintiff by giving due notice to Plaintiff, through willingness to cooperate with subsequent counsel, and by providing necessary documents and information as to the status of the case to Plaintiff and her subsequent counsel.

9. Counsel has reviewed the foregoing matters and this motion with Plaintiff, who has not indicated any objection to withdrawal under these circumstances.

WHEREFORE, counsel seeks an Order granting her leave to withdraw her appearance on behalf of Plaintiff Julie A. Halper.

Respectfully submitted,

Lori D. Ecker

Law Office of Lori D. Ecker, PC
180 North LaSalle Street
Suite 2300
Chicago, Illinois 60601
312/855-1880

Date: August 30, 2002

3

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that she caused a true and correct copy of the foregoing Motion to Withdraw Appearance as Attorney for Plaintiff to be served on Defendants' counsel:

> Henry W. Sledz
> Jennifer M. Cerven
> SCHIFF, HARDIN & WAITE
> 6600 Sears Tower
> Chicago, IL 60606

by facsimile and regular mail this 30th day of August, 2002,

and on Plaintiff:

> Julie A. Halper
> 9535 South 90th Avenue
> Palos Hills, IL 60465

by UPS Next Day delivery, initiated this 30th day of August, 2002.

_____
Lori D. Ecker